IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAIRO VEGA URIBE,

    *Petitioner*,

v.                                                                       2:25-cv-01139-DHU-KRS

KRISTI NOEM, TODD LYONS,
MARY DE ANTA-YBARRA,
PAMELA BONDI, and DORA
CASTRO,

    *Respondents*.

## ORDER GRANTING HABEAS PETITION

This matter comes before the Court on Petitioner Jairo Vega Uribe's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Petitioner alleges that he has been unlawfully detained without the opportunity for a bond hearing, in violation of the Immigration and Nationality Act ("INA") and his due process rights. *Id.* at ¶¶ 41-47. The Petition asks the Court to declare Petitioner's detention unlawful and to grant a writ of habeas corpus ordering Respondents to provide Petitioner an individualized bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a). Having considered the parties' briefs and the relevant and applicable law, the Court finds that the Petition should be **GRANTED**.

## I.
## BACKGROUND

Petitioner Jairo Vega Uribe is a native and citizen of Mexico who entered the United States without inspection in 2001, nearly twenty-five years ago. Doc. 1 at ¶ 32. Petitioner then moved to

1

Mount Airy, Maryland, where he lives with his wife, two U.S. citizen children, and his elderly mother-in-law, who is a lawful permanent resident. *Id.* at ¶¶ 33, 37.

On September 1, 2025, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents after being stopped while driving a work van with a coworker. *Id.* at ¶ 34. He was served with a Notice to Appear ("NTA") on October 11, 2025, commencing removal proceedings against him. *See* Doc. 8-1. Petitioner has remained in ICE custody since his arrest and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. *Id.* at ¶¶ 35-36.

On November 14, 2025, Petitioner filed a Petition for Writ of Habeas Corpus. In the Petition, Mr. Vega Uribe contends that he should be subject to ICE's general detention authority under 8 U.S.C. § 1226(a) and entitled to a bond hearing. *Id.* at 1. Instead, according to Petitioner, under a new ICE policy and recent Board of Immigration Appeals ("BIA") decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), Petitioner was classified as an "applicant for admission" subject to mandatory detention 8 U.S.C. § 1225. *Id.* at 1-2. Petitioner argues that he is not an applicant for admission "seeking admission" or "an arriving alien" subject to mandatory detention under § 1225(b). *Id.* at ¶ 40. Accordingly, Petitioner alleges he is entitled to a bond hearing under § 1226(a), and that the Government's denial of such a hearing deprives him of his rights without due process of law. *Id.* at ¶¶ 42, 47. The Petition asks this Court to:

(1) Issue an Order to Show Cause, ordering Respondents to justify the basis of Petitioner's detention in fact and in law;

(2) Enjoin Petitioner's transfer outside this judicial district pending this litigation;

(3) Declare that Petitioner is not an application for admission "seeking admission" or an "arriving alien" subject to 8 U.S.C. § 1225(b);

(4) Declare that Respondents' actions violate Petitioner's due process rights;

(5) Declare that Respondents may properly detain Petitioner, if at all, only pursuant to 8 U.S.C. § 1226(a);

(6) Order that Respondents conduct a bond hearing for Petitioner pursuant to 8 U.S.C. § 1226(a) within 15 days;

(7) Grant the writ of habeas corpus and order Respondents to release Petitioner forthwith, upon payment of the bond as ordered by the IJ; and

(8) Award Petitioner his costs of suit.

*Id.* at 13.

On December 23, 2025, Respondents filed a Motion to Dismiss the Petition, arguing that Petitioner is appropriately classified under § 1225(b). Doc. 8 at 2. Respondents do not dispute the facts laid out in the Petition regarding Mr. Vega Uribe's approximate date of entry into the country. *See id.* at 2; *see also* Doc. 8-1 at 1, 6.[1] However, the Government asserts that § 1226 governs the detention of noncitizens who lawfully entered the United States but who are no longer lawfully present, *id.* at 8, whereas § 1225 applies to all noncitizens who enter the country without being admitted, *id.* at 9. In the Government's view, *Matter of Hurtado*, which affirmed this interpretation, prevents an "'incongruous result' that rewards [noncitizens] who unlawfully enter the United States without inspection and subsequently evade apprehension for a number of years." *Id.* at 10 (citing *Matter of Hurtado*, 29 I&N Dec., at 228). Moreover, the Government argues that the plain language of the INA mandates detention of all noncitizens present in the U.S. without having been

---

[1] The NTA issued to Mr. Vega Uribe indicates that his date and location of entry into the United States is unknown. Because the Government has not disputed Petitioner's assertion that he entered in 2001 or offered evidence suggesting otherwise, the Court has no reason to question this fact as alleged by Petitioner.

3

lawfully admitted, *id.* at 13, and that "past practice does not justify disregard of clear statutory language[,]" *id.* at 14.

On January 6, 2026, Petitioner submitted a brief in opposition to Respondents' Motion to Dismiss. Doc. 9. In it, Petitioner argues that Respondents' interpretation of § 1225(b)(2) is not supported by the text of the statute, relevant case law, or longstanding agency practice. *Id.* at 3-15. He reiterates that he should be detained under § 1226 and entitled to a bond hearing. *Id.* at 15-17. Petitioner asks this Court to deny Respondents' Motion to Dismiss. *Id.* at 17.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing he is being unlawfully detained in violation of the INA, his Fifth Amendment due process rights, and the Administrative Procedure Act.

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

This case is not the first of its kind in this Court. In fact, the Court has already considered the statutory and constitutional issues raised by Petitioner in *Requejo Roman v. Castro et al.*, 2:25-cv-1076 (D.N.M. Jan. 12, 2026), and *Velasquez Salazar v. Dedos et al.*, --F.Supp.3d--, 2025 WL 2676729 (D.N.M. 2025). The facts here are not materially different than those the Court analyzed in *Requejo Roman* and *Salazar*, so the Court's conclusion is the same.

Following its decisions in *Requejo Roman* and *Salazar*, as well as the decisions of virtually all other federal courts who have analyzed this issue,[2] the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond hearing. Mr. Vega Uribe, who entered the country without inspection over two decades ago and has resided here ever since, is properly detained pursuant to § 1226 and therefore entitled to a bond hearing. The Government's misclassification of Petitioner under § 1225 and resultant denial of a bond hearing deprived him of his right to due process. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to this decision, *see Requejo Roman v. Castro et al.*.

---

[2] In support of their Motion to Dismiss, Respondents cite to four recent district court opinions adopting the Government's interpretation of the INA's detention provisions. *See* Doc. 8 at 12, 14 (citing *Vargas Lopez v. Trump*, --F.Supp.3d--, 2025 WL 2780351 (D. Neb. Sept. 30, 2025); *Chavez v. Noem*, --F.Supp.3d--, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); and *Pena v. Hyde*, 2025 WL 2108913 (D. Mass July 28, 2025). However, as of late 2025, this Court had counted decisions from over 70 district courts, and one circuit court, rejecting the Government's new interpretation of § 1225. Given the proliferation of these cases in federal courts around the country, that number may be an undercount—and has likely grown considerably since then.

## IV.
## CONCLUSION

For the reasons stated above, and articulated in greater detail in *Requejo Roman v. Castro et al.*, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral Immigration Judge ("IJ") within 7 days of entry of this Order. If Petitioner does not receive such a hearing on or before Friday, January 23, 2026, he shall be immediately released. At the bond hearing, the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based solely on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Monday, January 26, 2026, confirming whether a bond hearing was held and the result of said hearing.

Should Petitioner wish to recover costs of suit and attorney's fees, he may submit an application for such costs and fees within 30 days of this Order pursuant to 28 U.S.C. § 2412. Respondents may respond to Petitioner's application no later than 14 days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE